IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KWASI MCKINNEY                                                                                    PLAINTIFF

v.                                         Case No. 1:20-cv-1016

TENNILLE GILREATH, Deputy Prosecuting
Attorney, 13th Judicial District
and JOSH Q. HURST, Hurst Law Firm                                                           DEFENDANTS

**ORDER**

Before the Court is the issue of preservice screening pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Kwasi McKinney filed this case *pro se* pursuant to 42 U.S.C. § 1983. Under the PLRA, the Court is obligated to review complaints in civil actions where a prisoner seeks redress from a governmental entity, officer, or employee.

## I. BACKGROUND

Plaintiff filed his Complaint on April 17, 2020 in the Eastern District of Arkansas. (ECF No. 1). On April 22, 2020, the case was transferred to the Western District of Arkansas, El Dorado Division. (ECF No. 4). Plaintiff's application to proceed *in forma pauperis* was granted that same day. (ECF No. 6). In response to this Court's order, Plaintiff filed an Amended Complaint on May 14, 2020. (ECF No. 9). When asked if he has "begun other lawsuits in state or federal court dealing with the same facts involved in this action," Plaintiff checked "No." *Id.*

In his Amended Complaint, Plaintiff names Tennelle Gilreath—identified as a Deputy Prosecuting Attorney for the 13th Judicial District of Arkansas—and Josh Q. Hurst—identified as Plaintiff's criminal defense attorney—as defendants. (ECF No. 9). Plaintiff describes his individual capacity claim as, "Illegal forfeiture of property pursuant to 21 USC 881…Violation of 14th Amendment of United States Constitution Due Process and Equal Protection." Plaintiff goes on to state on May 11, 2016:

> The forfeiture in case 14-CV-16-29 was elements of deception, fraud, and manipulation by Prosecution Attorney Tennille Gilreath and Attorney Josh Hurst. The court erred in violating Mr. McKinney 14th Amendment of the United States Constitution by granting a default judgement when Mr. McKinney was never served a summons. Attorney Josh Hurst intentionally deceived and jeopardize the right of Mr. McKinney due process under the 14th Amendment.

*Id.* at p. 4. As for his official capacity claim, Plaintiff states, "Tennille Gilreath is the Deputy Prosecuting Attorney for the Thirteenth Judicial District. All Plaintiff property was forfeitured to the Thirteenth Judicial District Prosecuting Attorney's Office." *Id.* at p. 5.

At the time of the events in question, Plaintiff was a free world citizen with charges pending. (ECF No. 9, p. 3). However, Plaintiff is currently incarcerated in the Arkansas Department of Correction's Varner Unit in Grady, Arkansas. He seeks the return of his property that was seized during the civil forfeiture proceeding.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Defendant Gilreath

Plaintiff's claims against Defendant Gilreath, a deputy prosecutor, are subject to dismissal. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409, 418-19 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *See Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized."); *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity). Here, Plaintiff's claims against Defendant Gilreath all concern her actions as a deputy prosecutor for Union County, Arkansas. Accordingly, Plaintiff's claims against Defendant Gilreath should be dismissed.

### B. Defendant Hurst

Plaintiff's claims against Defendant Hurst are also subject to dismissal. Defendant Hurst is an attorney retained to represent Plaintiff during his criminal and civil proceedings.[1] A section 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Defendant Hurst was not acting under color of state law while representing Plaintiff in his criminal or civil proceedings.

---

[1] Although not alleged in Plaintiff's Amended Complaint, the Court notes that Defendant Hurst is an attorney licensed to practice law in the State of Arkansas. Further, the Court notes Defendant Hurst regularly represents both civil litigants and criminal defendants before the Court as private, retained counsel. Viewing the Amended Complaint in the light most favorable to the Plaintiff, the Court will assume Defendant Hurst was Plaintiff's counsel in the underlying state criminal and civil forfeiture proceedings.

*See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claims under section 1983 against Defendant Hurst.

### C. Forfeiture of Property

Even if Defendant Gilreath was not immune from suit, and Defendant Hurst could be considered to have acted under the color of state law, Plaintiff has adequate post-deprivation remedies to regain his property. Accordingly, his allegations of wrongful forfeiture do not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533, (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under section 1983 if state has adequate post-deprivation remedy). Because Plaintiff could seek redress in Arkansas state courts for his claim of lost property, he has no claim under section 1983.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Gilreath and Hurst are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b). **The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is DIRECTED to place a § 1915 strike flag on this case.**

**IT IS SO ORDERED**, this 29th day of May 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge